UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES MARQUETTE and <br> ANGELA MARQUETTE <br> Plaintiffs | * <br> * <br> * | CIVIL ACTION NO. |
| VERSUS | * <br> * | JUDGE |
| SOUTHERN FIDELITY INSURANCE <br> COMPANY <br> Defendant | * <br> * <br> * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>NOTICE OF REMOVAL</u>**

TO: The Honorable Judges and The Honorable Clerk of this Court
United States District Court
Eastern District of Louisiana

Southern Fidelity Insurance Company, ("SFIC") sought to be made defendant in this matter, who, on reserving all rights and defenses, including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove this action from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

Plaintiffs instituted this proceeding on September 22, 2014, in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, captioned "Charles Marquette and Angela Marquette versus Southern Fidelity Insurance Company," Docket No. 61-679. A copy of the pleadings from the 25th Judicial District Court for the Parish of Plaquemines is attached hereto as Exhibit "A."

2.

In the petition, Charles Marquette and Angela Marquette ("plaintiffs"), seek recovery for losses or damages incurred as a result of the damage to their property allegedly caused by an April 1, 2014 fire and SFIC's alleged arbitrary and capricious conduct as their insurer in failing to pay for the damage to the property, contents and loss of use of the property located at 126 St. Ann Street, Belle Chasse, Louisiana.

3.

Defendant, SFIC, was requested to be served via the Louisiana Secretary of State. However, service has not yet been achieved.  Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of SFIC receiving service of process of the petition in compliance with 28 U.S.C. § 1446 (b).  This Notice of Removal is filed less than one year after commencement of the action in State Court.

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) and (b).  There is complete diversity as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.

Pursuant to 28 U.S.C. § 1446 (a), attached hereto as Exhibit "A" are all pleadings filed in the record of the State Court pleadings.

6.

Plaintiffs are alleged to be domiciliaries of the State of Louisiana.  *See* Petition for Damages at Introductory Paragraph.

7.

SFIC is a foreign insurer incorporated under the laws of the State of Florida with its address and principal place of business in Tallahassee, Florida.  *See* attached Exhibit "B."  28 U.S.C. § 1332 (c)(1).

8.

In accordance with Louisiana law, the Petition for Damages does not specify an amount of damages.  However, the Petition specifically alleges that SFIC paid only "$6,800.00 of the $23,800.00 needed to obtain the rental home."  *See* Petition for Damages at ¶ 8.  The Petition further alleges that, among other things, SFIC has only paid "$96,122.85 out of the total $266,600.00 available for structural and building repairs."  *See* Petition for Damages at ¶ 9.  The policy limits of the SFIC Policy, as set forth on the Declarations Page, which is attached hereto as Exhibit "C", clearly states a limit of liability of $266,600.00 for dwelling coverage.  Because the claims for damages asserted in the Petition for dwelling coverage total at least $187,477.15, the amount in controversy is clearly well beyond the $75,000.00 requirement.

9.

Undersigned counsel received a report prepared for plaintiffs by Claims Consulting & Contracting, LLC, which alleges that the cost to repair plaintiffs' property is $255,297.80.  This report is attached hereto as Exhibit "D."  This further evidences that the amount in controversy is clearly well beyond the $75,000.00 requirement.

10.

SFIC denies that any amounts are due under the policy, and further denies that it acted in bad faith or in an arbitrary, capricious manner.  Thus, these amounts sought by plaintiffs are

properly considered for purposes of determining the amount in controversy.  *See Daniels v. Metropolitan Prop. & Cas. Ins. Co.,* No. 03-1900, 2003 WL 22038371 (E.D. La. Aug. 15, 2003).

11.

As indicated by their lawsuit, plaintiffs seek statutory penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.  *See* Plaintiffs' Petition for Damages at ¶¶ 10 and 11.  Penalties may be as much as two (2) times the amount sought of the amount of damages.  *See* La. Rev. Stat. 22:1973.  Here, the statutory penalties sought are over and above the limits of the policy, which are allegedly due.  *Albardado v. State Farm Mut. Auto Ins. Co.,* No. 91-2036, 1991 WL 165733, (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met.)

12.

The United States Fifth Circuit has found that penalties, statutory damages and punitive damages are to be included in ascertaining the amount in controversy.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3rd 1250 (5th Cir. 1998).  Relying on this precedent, Louisiana District Courts have included penalties sought under both La. Rev. Stat. 22:1892 and 22:1973 to ascertain the amount in controversy.  *See also Pardue v. River Thames Ins. Co.,* 651 F.Supp 143, 144 (M.D. La. 1986) (penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy.)  Thus, the amount in controversy is clearly well beyond the $75,000.00 requirement.

13.

Considering the amount sought for the property damage loss and the amounts sought through statutory penalties and damages, the amount in controversy in plaintiffs' claim clearly exceeds $75,000.00, exclusive of interest and costs.

14.

For the reasons stated above, SFIC desires and is entitled to have this cause removed from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, to be in United States District Court, for the Eastern District of Louisiana, the district where the suit is pending.

15.

SFIC has sought no similar relief with respect to this matter.

16.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17.

Promptly upon serving this Notice of Removal, written notice thereof is being given to the adverse parties as required by law (see Notice of Filing of Notice of Removal attached as Exhibit "A").

18.

SFIC files this Notice of Removal without waiving any defenses available to it, including, but not limited to, defenses available to it under Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

19.

SFIC presents herewith the sum of $400.00 as required by 28 U.S.C. § 1446.

20.

The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

WHEREFORE, defendant, Southern Fidelity Insurance Company, hereby files this Notice of Removal and removes this civil action to the United States District Court for the

Eastern District of Louisiana.  Plaintiffs are notified to proceed no further in the state court case unless this case should be remanded by Order of the United States District Court.

This 8th day of October, 2014.

Respectfully submitted:

　/s/ Matthew D. Monson　
**MATTHEW D. MONSON (25186), T.A.**
**DONALD J. LATUSO, JR. (31495)**
**LAURA H. ABEL (33175)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:     (985) 778-0678
Facsimile:     (985) 778-0682
Email: Matthew@Monsonfirm.com
　　　　Donald@Monsonfirm.com
　　　　Laura@Monsonfirm.com
　　　　Blake@Monsonfirm.com
*Counsel for Southern Fidelity Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 8th day of October, 2014.

　/s/ Matthew D. Monson