UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES MARQUETTE, ET AL.                    CIVIL ACTION

VERSUS                                        NO: 14-2311

SOUTHERN FIDELITY INSURANCE                   SECTION: "A" (2)
COMPANY

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 9)** filed by defendant Southern Fidelity Insurance Company. Plaintiffs Charles Marquette and Angela Marquette oppose the motion. The motion, noticed for submission on December 31, 2014, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is DENIED.

I.   **Background**

Plaintiffs allege that a fire caused substantial damage to their Belle Chasse residence on April 1, 2014. Defendant had previously issued an insurance policy to cover this residence and related property. Plaintiffs claim that they promptly reported the incident to Defendant and submitted proper proof of loss documentation.

Plaintiffs allege that the repairs to the home will cost $266,600.00 and that their interim living arrangements will cost $23,800.00. They claim that to date Defendant has paid $96,122.85 toward the repair costs, $6800.00 toward the interim living costs, and has refused to authorize an appraisal – all in derogation of policy requirements.

After allegedly making two unsuccessful demands for an appraisal in August 2014 as

---

[1] Defendant requested oral argument, but argument would not be helpful in light of the issues presented.

1

well as further unsuccessful requests for additional payment, Plaintiffs filed a petition on September 22, 2014 in the 25th Judicial District Court for the Parish of Plaquemines. Defendant subsequently removed the case to this Court on October 8, 2014. Plaintiffs seek a range of damages for the alleged failure of Defendant to perform under the policy, including "[a]rbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to" LSA R.S. Arts. 22:1973 and 22:1892.

A bench trial is scheduled to commence on July 20, 2015.

Via the instant motion Defendant moves for judgment as a matter of law on all causes of action. Defendants contend that Plaintiffs cannot prevail on their claims, because Plaintiffs have failed to both submit to an examination under oath and fully produce requested documents as required by the policy.

## II.     Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Defendant argues that Plaintiffs have failed to fully comply with the policy, and thus any claim for coverage fails. More specifically, Defendant argues that per the policy, a lawsuit cannot be instituted by the insured unless the insured has complied with all provisions of the policy. (Rec. Doc. 9-1, at 4 (citing the Rec. Doc. 9-5, at 30; SFD LA AE 08 12)). One such provision of the policy calls for the insured to, "[a]s often as [Defendant] reasonably require[s]," "[s]ubmit to examination under oath" and "provide [Defendant] with records and documents [Defendant] request[s]." (Rec. Doc. 9-5, at 21-22; SFD LA D3 10 10). Counsel for Defendant submits a copy of his correspondence sent to counsel for Plaintiffs containing a request to conduct an examination of the Plaintiffs under oath and a request for the Plaintiffs to produce certain documents pursuant to the policy provisions. (Rec. Doc. 9-7). Defendant sent this letter on September 25, 2014. Plaintiffs responded on that same day informing Defendant that they had filed their lawsuit the previous week and "[t]hus . . . will not agree to any [examination under oath] at this time." (Rec. Doc. 9-8).

Defendant cites several cases for the proposition that an examination under oath and production of requested documents are conditions precedent to coverage and required before filing suit, and a plaintiff's incomplete response or outright refusal to comply obviates his claim. However, in applying these cases to the present set of facts, Defendant overlooks the critical issue of timing. In all of the cases cited by Defendant arising in this Circuit or in this state, the plaintiff's incomplete response or outright refusal to comply took place in relation to invocations of these conditions prior to the filing of a lawsuit. *Kerr v. State Farm*

3

*Fire and Cas. Co.*, 511 F. Appx. 306, 306-07 (5th Cir. 2013); *Assaf v. Allstate Indem. Co.*, No. 10-1063, 2011 WL 3178551, at *3 (E.D. La. July 27, 2011); *Mosadegh v. State Farm Fire and Cas. Co.*, No. 07-4427, 2008 WL 4544361, at *1-2 (E.D. La. Oct. 14, 2009), *aff'd*, 330 F. Appx. 65 (5th Cir. 2009); *Honore v. AIG Prop. Cas. Ins. Agency, Inc.*, 2014 WL 4986780, at *1-2 (M.D. La. Sept. 15, 2014); *Lee v. U.S.*, 607 So.2d 685, 686-87 (La. App. 4 Cir. 2009); *U.S. Fidelity and Guar. Co. v. Conway*, 674 F. Supp. 1270, 1272 (N.D. Miss. 1987).

The timeline here, by contrast, bears repeating. Plaintiffs filed suit on September 22, 2014. (Rec. Doc. 1-1). Defendant requested the examination under oath and the production of several documents on September 25, 2014. (Rec. Doc. 9-7). Counsel for Plaintiffs responded on September 25, 2014, noting that a lawsuit had already been filed, and thus Plaintiffs would not submit to the examination under oath at that time. (Rec. Doc. 9-8).

In summary, on the record currently available, it appears that Plaintiffs did not fail, nor could have failed, to fulfill these conditions prior to the filing of their lawsuit as the examination under oath and the production of documents were not requested until *after* the filing of the lawsuit.

Of course, Plaintiffs have the legal obligation to comply with discovery properly propounded by Defendant.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 9)** filed by Defendant is **DENIED**.

January 6, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE